UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC LYNCH,

                            Plaintiff,                    9:20-CV-0063
                                                                         (BKS/ATB)

    v.

COUNTY OF HERKIMER, et al.,

                            Defendants.

---

APPEARANCES:                                  OF COUNSEL:

ERIC LYNCH
18-B-0755
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

JOHNSON AND LAWS, PLLC           COREY A. RUGGIERO, ESQ.
648 Plank Road, Suite 204               GREGG T. JOHNSON, ESQ.
Clifton Park, NY 12020
Attorney for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION AND ORDER

      Pro se plaintiff Eric Lynch ("Plaintiff") commenced this action in New York State Supreme Court, Herkimer County asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983") arising out of his confinement at the Herkimer County Jail ("Herkimer C.J."). *See* Dkt. No. 2 ("Compl."). Defendants removed this action from state court on January 16, 2020, and paid the statutory filing fee. Dkt. No. 1.

      Plaintiff commenced this civil rights action against various defendants including the

County of Herkimer, Deputy Sheppard, Deputy Aeillo, and Correction Officer Hadden.  *See generally*, Compl.  Plaintiff was permitted to proceed as a "poor person" against Defendants.  Dkt. No. 13.  Defendants Aeillo, the County of Herkimer, and Sheppard filed an Answer to the Complaint.  Dkt. No. 6.  On May 6, 2020, the Clerk of the Court issued a summons to Defendants.[1]  Dkt. No. 14.

On May 21, 2020 and May 27, 2020, Aeillo, Shepard, and the County of Herkimer acknowledged service.  Dkt. Nos. 17, 19.  However, efforts by the U.S. Marshals Service to serve defendant Hadden, by mail, have proven unsuccessful.  On May 29, 2020, the summons for Hadden was returned, unexecuted, to the Court with the notation "no longer employed."  Dkt. No. 20.  On August 10, 2020, the Court issued an Order directing Plaintiff to file an affidavit, demonstrating good cause, for the failure to serve Hadden.  Dkt. No. 25.  On September 8, 2020, Plaintiff responded with a motion for an order directing Defendants' attorney accept service on behalf of Hadden or, in the alternative, for Defendants to provide Hadden's current address to the Court for an *in camera* review.  Dkt. No. 26.

In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit held that a pro se litigant is entitled to assistance in identifying defendants.  In light of the foregoing, and the fact that Plaintiff is no longer incarcerated at Herkimer County Jail, the Clerk of Court shall send a copy of the Complaint and this Decision and Order to Defendants' counsel.  Pursuant to *Valentin*, the Court requests that Defendants' counsel attempt to ascertain the full name of defendant Hadden.  Defendants' counsel is also requested to provide the address where Hadden can currently be served.  Defendants' counsel need not

---

[1]  The Answer includes an affirmative defense that Plaintiff failed to effectuate proper or sufficient service upon any Defendant.  Dkt. No. 6.

undertake to defend or indemnify this individual at this juncture.  This Order merely provides a means by which Plaintiff may name and properly serve Hadden as instructed by the Second Circuit in *Valentin*.

**WHEREFORE**, it is hereby

Defendants' counsel is hereby requested to produce the information specified above, to the extent that it can, regarding Hadden within thirty (30) days of the filing date of this Decision and Order.  The information should be sent to the Clerk of the Court for the Northern District of New York.  Once this information is provided, the Clerk shall return this file to the Court for further review.

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: September 14, 2020

Andrew T. Baxter
U.S. Magistrate Judge